Opinion by RAO, J. In accordance with stipulation of counsel that 20 percent of the merchandise consists of rags used chiefly for papermaking, the claim of the plaintiffs was sustained with respect to said 20 percent of the merchandise.

**No. 60127.**—Guy B. Barham Co. for M. Albert *v.* United States, protest 23442–K (Los Angeles).

Opinion by RAO, J. In accordance with stipulation of counsel that 20 percent of the merchandise consists of rags used chiefly for papermaking, the claim of the plaintiff was sustained with respect to said 20 percent of the merchandise.

**No. 60128.**—Baar & Beards, Inc. *v.* United States, protests 180560–K and 186477–K (New York).

Opinion by FORD, J. In accordance with stipulation of counsel that the merchandise consists of silk scarves or squares similar in all material respects to those the subject of *United States* v. *The Specialty House, Inc., Bryant & Heffernan, Inc., et al.* (42 C. C. P. A. 136, C. A. D. 585), the claim of the plaintiff was sustained.

**No. 60129.**—Glensder Textile Corp. and S. Stern, Henry & Co. et al. *v.* United States, protests 184591–K, etc. (New York).

Opinion by FORD, J. In accordance with stipulation of counsel that the merchandise consists of silk scarves or squares similar in all material respects to those the subject of *United States* v. *The Specialty House, Inc., Bryant & Hefferman, Inc., et al.* (42 C. C. P. A. 136, C. A. D. 585), the claim of the plaintiffs was sustained.

**No. 60130.**—Trapac Corp. et al. *v.* United States, protests 206579–K, etc. (New York).

Opinion by FORD, J. In accordance with stipulation of counsel that the merchandise consists of silk scarves or squares similar in all material respects to those

the subject of *United States* v. *The Specialty House, Inc., Bryant & Heffernan, Inc., et al.* (42. C. C. P. A. 136, C. A. D. 585), the claim of the plaintiffs was sustained.

**No. 60131.**—Barclay Clover, Inc., et al. *v.* United States, protests 258544–K, etc. (New York).

Opinion by FORD, J. In accordance with stipulation of counsel that the merchandise consists of silk scarves or squares similar in all material respects to those the subject of *United States* v. *The Specialty House, Inc., Bryant & Heffernan, Inc., et al.* (42 C. C. P. A. 136, C. A. D. 585), the claim of the plaintiffs was sustained.

BEFORE THE THIRD DIVISION, JULY 26, 1956

**No. 60132.**—Juan A. Vega *v.* United States, protest 262277–K (San Juan, P. R.).

Opinion by EKWALL, J. When this case was called for trial, the protest was submitted upon all the official papers. An examination of the record disclosed that the appraiser's report, in answer to a request for information sent to him by the acting deputy collector, showed that the examiner had advised the importer of possible changes in rates, but that plaintiff did not pay attention. No evidence was adduced by the plaintiff to refute the report. Plaintiff apparently questioning the timeliness of the notice of advance and not the correctness of the rates of duty, the protest was overruled, the court finding no evidence to support plaintiff's claim.

**No. 60133.**—John V. Carr & Son, Inc. *v.* United States, protest 272385–K (Detroit).

Opinion by EKWALL, J. In accordance with rule 5 (b) of the rules of this court, as amended, the protest was dismissed for lack of prosecution.

**No. 60134.**—Quon Quon Company *v.* United States, protest 138980–K (Los Angeles).

JOHNSON, Judge: This is a protest against the collector's assessment of duty on merchandise, described on the invoice as white pottery figures, at 70 per centum ad valorem under paragraph 212 of the Tariff Act of 1930, under the provision for china, porcelain, and other vitrified wares, painted, colored, tinted, stained, enameled, gilded, printed, or ornamented or decorated in any manner, and manufactures in chief value of such ware. Several claims are made in the protest, but the one relied upon is that the merchandise is properly dutiable at 10 cents per dozen pieces and 50 per centum ad valorem under paragraph 211 of said tariff act, under the provision for earthenware and crockery ware composed of a nonvitrified absorbent body, including statues, statuettes, and all other articles composed of such ware, painted, colored, tinted, stained, enameled, gilded, printed, ornamented, or decorated in any manner.

The pertinent provisions of the tariff act are as follows: